```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-24441-CIV-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
```

MUSTAPHA ADAN JEELLE,

    Petitioner,

v.                                  REPORT OF MAGISTRATE JUDGE

LORETTA E. LYNCH, et al.,

    Respondents.
_____/

    Mustapha Adan Jeelle has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. A review of his petition reveals that he is challenging his continued detention by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE").

    This case was referred to the undersigned pursuant to the Administrative Order 2003-19, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. In issuing this report, the undersigned has carefully reviewed and considered the instant petition (DE#1), and the Respondent's Response to this Court's Order to Show Cause with the attached exhibits.(DE#9).

    At the time the petition was filed, on October 17, 2016,[1] Petitioner had been in the custody of ICE for 250 days, awaiting

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App.P. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

removal to his native country pursuant to a final order of removal issued on February 10, 2016. (DE#1; DE#9-4:Ex.D). Relying on the United States Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001),[2] Petitioner sought immediate release from custody, claiming that his continued detention violates statutory law and his substantive due process rights under the Due Process Clause of the United States Constitution. (DE#1).

Review of the Respondent's Response to this Court's Order to Show Cause and of the attached exhibits, reveals that on December 8, 2016, Petitioner was released from ICE custody and was placed under supervision. (DE#9; DE#9-5).

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'.... In turn, the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as 'justiciability,'" a doctrine that "'prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citations omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.' ... 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Soliman, 296 F.3d at

---

[2] In Zadvydas, the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely. Rather, Zadvydas held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six (6) months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 698-701.

2

1242 (citations omitted).

In <u>Soliman</u>, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. The alien was removed from the United States while the appeal was pending. In light of his removal, the court found that it was "abundantly clear" that the appeal was moot because the relief sought by the alien - release from detention pending removal, in addition to other relief - could not be effected by any order from the Court since the alien was no longer being detained. <u>Id.</u> at 1243. The court further determined that there was no basis for invoking the exception to the mootness doctrine for cases that are capable of repetition yet evading review, because there was "absolutely no reason to believe that he will again be detained ... under the same circumstances[.]" <u>Id.</u>

In light of the foregoing, the undersigned concludes that the instant habeas corpus petition is moot. <u>See</u> <u>Soliman</u>, 296 F.3d at 1242-43. Because Petitioner has already been released from ICE custody, albeit under supervision, no order from this Court directing his release from ICE detention could have any effect. Since this Court can no longer order the Respondent to release Petitioner, as requested in the petition, because Petitioner has already been released from the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" <u>Soliman</u>, <u>supra</u>, 296 F.3d at 1243 (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 18 (1998)).

It is therefore recommended that this federal petition be DISMISSED as moot.[3]

---

[3] The instant petition is also subject to dismissal because Petitioner has failed to comply with this Court's orders issued on October 27, 2016, requiring him to submit a verification form for his petition and to pay the filing fee or to file a motion for IFP. (DE#5; DE#6).

Objections to this report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the report.

SIGNED this 13th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Mustapha Adan Jeelle, pro se
Alien#: 208-372-130
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

Mustapha Adan Jeelle, pro se
2229 NE 41st Ave.
Homestead, FL 33033

Christopher Cheek
Assistant United States Attorney
99 N. E. 4th Street, Suite 300
Miami, FL 33132
Email: Christopher.Cheek@usdoj.gov